SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court is AFFIRMED.
Debtor Maurice Salem appeals from an order of the United States District Court for the Southern District of New York (Conner, /.), entered on March 5, 2003, affirming the August 21, 2002 order of the United States Bankruptcy Court for the Southern District of New York (Morris, J.). The bankruptcy court ruled that Salem’s debt to Michael Neshewat was nondischargeable. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.
1. Salem urges this Court to recognize an exception to the Rooker-Feldman doctrine where the underlying state court judgment is void for fraud or lack of jurisdiction. The circuits are split on this issue. However, the facts presented to us on appeal furnish no plausible scenario for finding either fraud or a lack of jurisdiction in any of the state courts that have issued rulings in this case. We therefore decline to decide the issue.
2. To invoke collateral estoppel, Salem must demonstrate that the question of his willful and malicious intent was “necessarily decided” by a court in a prior proceeding. See Conte v. Justice, 996 F.2d 1398, 1400 (2d Cir.1993). However, none of the *25 prior rulings relied on by Salem drew any conclusion about his intent to injure Neshewat.
3. A bankruptcy court “is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability” of a debt. Brown v. Felsen, 442 U.S. 127, 138-39, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The bankruptcy court appropriately considered the state court judgment, as well as extrinsic evidence adduced at its own hearings, in determining that Salem’s actions were willful and malicious.
4. A district court’s review of a bankruptcy court decision is subject to plenary review in this Court. In re Manville Forest Prods. Corp., 896 F.2d 1384, 1388 (2d Cir.1990). This Court will review the bankruptcy court’s factual findings only for clear error. See In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir.1994). Factual findings are carefully set forth in the opinion, supported by citations to the trial transcript or other evidence. Judge Morris’ construction of the facts “is plausible in light of the record viewed in its entirety,” Anderson v. Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), and thus is not clearly erroneous.
For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.